THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMANTHA K. GRUBB,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | CASE NO. C21-1253-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. On September 16, 2021, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis* and recommended that the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing a summons. (Dkt. No. 3 at 1.)

While her allegations are not entirely clear, Plaintiff appears to allege Defendant miscalculated her social security benefits and owes her "$10,000" in "Back pay" due to "Bad paper work." (Dkt. No. 4 at 5.) However, Plaintiff does not indicate whether she first sought, from the Social Security Administration, reconsideration of this benefit determination. (*See generally id.*)

The Court liberally construes *pro se* complaints. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma*

ORDER
C21-1253-JCC
PAGE - 1

*pauperis* complaint at any time if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. The Court also has an independent obligation to address whether it has subject matter jurisdiction over Plaintiff's claims. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

Even construing Plaintiff's complaint liberally, the Court finds it is subject to dismissal for lack of subject matter jurisdiction, which is a threshold issue. For one, Plaintiff fails to demonstrate that she exhausted her administrative remedies before bringing suit. To satisfy this jurisdictional requirement, Plaintiff must seek an "initial determination regarding entitlement to benefits, reconsideration of that determination, a hearing before an [ALJ], and review by the Appeals Council of the ALJ's decision." 20 C.F.R. § 404.900(a); *see Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (1988). Only then can Plaintiff seek this Court's review. *See* 20 C.F.R § 404.900(a)(5). Under 20 C.F.R § 404.900(a)(6), a plaintiff need not exhaust administrative remedies if she presents a colorable constitutional claim of a due process violation. *See Califano v. Sanders*, 430 U.S. 99, 108–09 (1977); *Dexter v. Colvin*, 731 F.3d 977, 980–81 (9th Cir. 2013). Plaintiff's complaint contains no allegations supporting such a claim.

Accordingly, the Court DISMISSES Plaintiff's complaint (Dkt. No. 4) without prejudice. Plaintiff's motion to appoint counsel (Dkt. No. 5) is DENIED as moot. The Clerk is DIRECTED to close this case and to send Plaintiff a copy of this order.

DATED this 17th day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE